NIAGARA MOHAWK POWER CORPORATION, Plaintiff,

v.

CONSOLIDATED RAIL CORPORATION; the King Service, Inc.; United States Steel Company; Edwin D. King; Lawrence King; Richard B. Slote; Chevron U.S.A., Inc.; Portec, Inc.; and American Premier Underwriters, Inc.; Defendants.

Chevron, U.S.A., Inc., Third-party Plaintiff,

v.

The County of Rensselaer; and the County of Rensselaer Sewer District No. 1, Third-party Defendants.

No. 5:98–CV–1039.

United States District Court, N.D. New York.

March 3, 2004.

---

Niagara Mohawk Power Corporation (John T. Parkinson, Esq., Managing Counsel), Syracuse, NY, Swidler, Berlin, Shereff, Friedman, L.L.P. (Milissa A. Murray,

Esq., Thomas R. Lotterman, Esq., of counsel), Washington, DC, for Plaintiff.

Menter, Rudin & Trivelpiece, P.C. (Thomas Joseph Fucillo, Esq., of Counsel), Syracuse, NY, for Defendant Consolidated Rail Corporation.

Whiteman & Osterman (Joseph D. Stinson, Esq., Scott T. Decker, Esq., of Counsel), Albany, NY, for Defendants King Service, Inc., Edwin D. King, Lawrence King, and Richard B. Slote.

USX Corporation (David L. Smiga, Esq., of Counsel), Pittsburgh, PA, Devorsetz, Stinziano, Gilberti, Heintz & Smith, P.C. (Kevin C. Murphy, Esq., Timothy J. Lambrecht, Esq., of Counsel), Syracuse, NY, for Defendant United States Steel Company.

Lafave & Associates, (Patrick J. Higgins, Esq., of Counsel), Delmar, NY, for Defendant and Third-party Plaintiff Chevron U.S.A., Inc.

Bond, Schoeneck & King (Arthur J. Siegel, Esq., Kimberlee S. Parker, Esq., of Counsel), Albany, NY, for Defendant Portec, Inc.

Orrick & Herrington (James J. Capra, Jr., Esq., Siobhan A. Handley, Esq., of Counsel), New York City, for Defendant American Premier Underwriters, Inc.

Office of Rensselaer County Attorney, (Stephen A. Pechenick, Esq., of Counsel), Troy, NY, for Third-party County Defendants.

### MEMORANDUM–DECISION and ORDER

HURD, District Judge.

## I. INTRODUCTION

Plaintiff Niagara Mohawk Power Corporation ("Niagara Mohawk"), brought this action under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA") on July 1, 1998, seeking to recover the costs it has incurred, and will incur, to investigate and remediate manufactured gas plant hazardous wastes at the Troy Water Street Site in Troy, New York (the "Site"). The procedural history and factual background of this litigation is set forth in a Memorandum–Decision and Order dated November 6, 2003, ("MDO"), with which familiarity is assumed. *See Niagara Mohawk Power Corp. v. Consolidated Rail Corp.*, 291 F.Supp.2d 105 (N.D.N.Y.2003). Among other rulings, the MDO (1) granted summary judgment in favor of American Premier Underwriters, Inc. ("APU"), Consolidated Rail Corporation ("Conrail"), Portec, Inc. ("Portec"), and USX Corporation ("USX") on Niagara Mohawk's CERCLA contribution claims, (2) found King Service, Inc., Edwin D. King, and Richard B. Slote (collectively, the "King defendants") to be responsible pursuant to CERCLA as current owners and arrangers, (3) granted summary judgment in favor of Chevron on Niagara Mohawk's CERCLA contribution claim regarding Area 4 of the Site (and dismissed as moot Chevron's claims and the cross-claims against it relating to Area 4), (4) dismissed Niagara Mohawk's claims under New York Navigation Law against all defendants, (5) dismissed Niagara Mohawk's state law claims for contribution, indemnification, and public nuisance claims against all defendants, (6) dismissed all the cross-claims asserted against USX, Conrail, APU and Portec, (7) dismissed all defendants' counterclaims for contribution under CERCLA, and (8) dismissed the third-party action brought by Chevron, U.S.A., Inc. ("Chevron") against the County of Rensselaer and the County of Rensselaer Sewer District No. 1 ("Rensselaer defendants"). The rulings result in Conrail, APU, USX, and Portec being out of the case. The King defendants filed a Notice of Appeal with the Second Circuit Court of Appeals on December 8, 2003.

Niagara Mohawk, USX, Conrail, APU, Portec, and the King defendants (collec-

tively "movants") move, pursuant to Federal Rule of Civil Procedure 54(b), for entry of final judgment with regard to certain rulings contained in the MDO. Specifically, the movants request that final judgment be entered as to (1) the granting of summary judgment in favor of APU, Conrail, Portec, and USX on Niagara Mohawk's CERCLA contribution claims (Count 1 of the Amended Complaint filed May 26, 1999, (the "Amended Complaint")); (2) the granting of summary judgment in favor of defendant Chevron on Niagara Mohawk's CERCLA contribution claim regarding Area 4 (Count I of the Amended Complaint); (3) the dismissal of Niagara Mohawk's claims under New York Navigation Law against all defendants (Counts II and III of the Amended Complaint); (4) the dismissal of Niagara Mohawk's state law contribution, indemnification, and public nuisance claims against all defendants (Counts IV, V and VII of the Amended Complaint); (5) the dismissal of all cross-claims asserted against USX, Conrail, APU and Portec; and (6) the dismissal of all defendants' counterclaims for contribution under CERCLA.

Chevron opposes the entry of final judgment as to these matters. In the alternative, Chevron seeks entry of final judgment as to the dismissal of the third-party action and the dismissal of all claims and cross-claims against it relating to Area 4.

## II. *DISCUSSION*

### A. *Legal Standard*

■ To avoid "the danger of hardship and the denial of justice through delay if each issue must await the determination of all issues as to all parties before a final judgment can be had" and an appeal taken, the Federal Rules of Civil Procedure permit the entry of, and thus an appeal from, a partial final judgment. *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511–12, 70 S.Ct. 322, 94 L.Ed. 299

(1950). Pursuant to Rule 54(b), a district court "may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R.Civ.P. 54(b). Thus, the entry of a final judgment as to some but not all claims or some but not all parties is appropriate where multiple claims or multiple parties are present; a decision of the court "finally decides" one or more, but fewer than all, claims; and the court expressly determines that there is no just reason for delay and directs the entry of judgment. *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir.1992).

### B. *Analysis*

### 1. *Multiple Claims and Multiple Parties*

■ The requirement that multiple claims or multiple parties be present is satisfied where "the underlying factual bases for recovery state a number of claims which could have been separately enforced." *Rieser v. Baltimore & Ohio R.R.*, 224 F.2d 198, 199 (2d Cir.1955). The underlying bases for recovery alleged by Niagara Mohawk state a number of claims that could have been separately enforced. The liability of each defendant for contribution under CERCLA depends upon whether each defendant is a responsible person under CERCLA § 107(a). This determination requires an examination of facts and circumstances unique to each defendant and to each theory under which they could be found to be a responsible person under CERCLA. Similarly, for those defendants allegedly responsible for more than one area of the Site, a separate factual analysis with regard to each area is required because the underlying facts may support a finding of liability for one area

but not another. In short, the underlying factual bases for recovery alleged by Niagara Mohawk state a number of claims that could have been separately enforced. Moreover, there are multiple parties, some, but not all, of whom have been dismissed from the case pursuant to the MDO.

### 2. *Final Decision as to some but not all Claims*

The MDO finally decides each of the claims for which Niagara Mohawk, USX, Conrail, APU, Portec, and the King Defendants seek the entry of a partial final judgment. Further, it finally decides the claims as to which Chevron seeks entry of a final judgment. The MDO "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" with respect to (1) the granting of summary judgment in favor of APU, Conrail, Portec, and USX on Niagara Mohawk's CERCLA contribution claims; (2) the granting of summary judgment in favor of Chevron on Niagara Mohawk's CERCLA contribution claim regarding Area 4; (3) the dismissal of Niagara Mohawk's claims under New York Navigation Law against all defendants; (4) the dismissal of Niagara Mohawk's state law claims for contribution, indemnification, and public nuisance claims against all defendants; (5) the dismissal of all the cross-claims asserted against APU, Conrail, USX, and Portec; (6) the dismissal of all defendants' counterclaims for contribution under CERCLA; (7) the dismissal of the third-party action; and (8) dismissal of all claims and cross-claims against Chevron relating to Area 4. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (internal quotation omitted). The MDO is "final" as to these claims. *See Ginett*, 962 F.2d at 1092.

The MDO, however, did not finally decide all claims presented in this action. Niagara Mohawk's motion for summary judgment against the King defendants was denied because "NiaMo is not entitled to judgment on the issue of liability as against the King defendants as there has been no showing of response cost consistency with NCP." 291 F.Supp.2d at 139. Similarly, Niagara Mohawk's motion and Chevron's cross-motion for summary judgment concerning liability for response costs incurred in connection with Areas 2 and 3 were denied based upon the conclusion that "Chevron is a responsible person under CERCLA by virtue of its ownership of Area 3. However, NiaMo is not entitled to partial summary judgment as against Chevron because no showing has been made that the response costs incurred are consistent with the NCP." *Id.* Because fewer than all claims presented were finally decided, the entry of a partial final judgment as to the claims that were finally decided is necessary to allow an appeal of those claims.

### 3. *No Just Reason for Delay*

In determining whether there is "no just reason for delay" in the entry of a final judgment, the Court should be guided by "the interest of sound judicial administration." *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437, 76 S.Ct. 895, 100 L.Ed. 1297 (1956)); *see also Ginett*, 962 F.2d at 1095 ("The proper guiding star, as the Supreme Court has emphasized, is 'the interest of sound judicial administration.'"). In addition, "the equities involved" should be considered. *Curtiss–Wright*, 446 U.S. at 8, 100 S.Ct. 1460.

#### a. *Judicial Administrative Interests*

Judicial administrative interests require consideration of "such factors as whether the claims under review [a]re separable

from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* The Second Circuit has stated that claims are inseparable from or "inextricably intertwined" with others remaining to be adjudicated where the appellate court would have to reach the merits of one or more claims not appealed, or a decision by the district court on one or more of the claims not appealed could render a decision by the appellate court advisory or moot. *Brunswick Corp. v. Sheridan,* 582 F.2d 175, 184 (2d Cir. 1978); *see also Ginett,* 962 F.2d at 1095.

The claims for which entry of final judgment is sought are separable from those remaining to be adjudicated. The appellate court will not have to reach the merits of Niagara Mohawk's remaining claims that the King defendants and Chevron are liable under CERCLA *as current owners or operators* for costs incurred and to be incurred to investigate and remediate Areas 2 and 3 in order to determine whether summary judgment was properly granted in favor of Chevron as *a former owner or operator* of·Area 4; summary judgment was properly granted in favor of APU, Conrail, Portec, and USX; and Niagara Mohawk's state law claims were properly dismissed. Moreover, no decision on the remaining claims could render a decision by the Second Circuit on these issues advisory or moot. Similarly, whether the third-party action was properly dismissed is completely separable from the issues remaining for trial.

Also, the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals. None of the claims remaining involves the same issues presented by the claims for which certification is sought.

Remaining for determination are Chevron's and the King defendants' liability *as current owners or operators* under CERCLA and whether Niagara Mohawk's response costs have been consistent with the National Contingency Plan. Also remaining for determination are Chevron's state law counterclaims against Niagara Mohawk and the King defendants. Finally, allocation of cleanup costs among the responsible parties in Phase II remains for trial. None of these issues is duplicative of or interdependent with any of the final rulings for which certification is sought. Therefore, no subsequent appeal on the remaining issues would require determination of the same issues on appeal.

Chevron argues that the unresolved counterclaims require denial of certification, relying upon *Citizens Accord, Inc. v. Town of Rochester,* 235 F.3d 126 (2d Cir. 2000). In *Citizens Accord, Inc.,* the court found that it lacked appellate jurisdiction over an appeal of the dismissal of a complaint, where counterclaims remained pending. *Id.* at 128. However, the district court had not entered an order pursuant to Fed.R.Civ.P. 54(b) and had not directed the entry of a final judgment. *Id. Citizens Accord, Inc.* lends no support for the proposition that, as Chevron contends, a Rule 54(b) motion must be denied when counterclaims remain unresolved.

Lastly, as has been previously recognized, interests of judicial economy weigh in favor of resolving liability issues before proceeding to the damages phase of this litigation. This litigation was bifurcated into a liability phase and damages phase. The purpose of the bifurcation is, in part, to avoid the dedication of substantial judicial resources to the presentation of allocation and damages evidence that may prove to be irrelevant if a particular party is not found to be liable. Similarly, the interests of judicial economy would be served by

granting the relief requested and thereby expediting finality of the liability issues. If an appeal is not permitted at this stage of the litigation, it would be necessary, at a later date, to conduct a second liability phase trial with respect to all or some of those previously dismissed parties or claims. In addition, a remand or reversal on appeal as to the CERCLA liability of any of the defendants against which claims have been dismissed, would necessarily affect the pro rata allocation of response cost among liable parties, and could foreseeably require a reallocation after the conclusion of the damages phase trial on the surviving claims. This would seriously delay justice and would involve a presentation of much of the same evidence, in order to reallocate response costs among those finally adjudged liable at the Site. *See also Avondale Indus., Inc. v. Travelers Indem.,* 123 F.R.D. 80, 83 (S.D.N.Y.1988) (finding no just reason for delay given the *"immensely important public policy questions relating to environmental hazard and safety ... that are fundamentally affected by liability, defense and indemnification findings"*), *aff'd* 887 F.2d 1200, 1204 (2d Cir.1989).

### b. *The Equities*

Niagara Mohawk is the only party to this litigation incurring costs to investigate and remediate the Site. A delay in the entry of judgment until after the trial in this matter is concluded will substantially delay Niagara Mohawk's ability to pursue its claims against APU, Conrail, Portec, and USX and against Chevron as to Area 4. A delay in Niagara Mohawk's ability to obtain contribution to offset its costs will impose a significant financial burden on Niagara Mohawk. Chevron contends that granting the Rule 54 motion will delay trial of the remaining issues, that is liability regarding Area 2 and Area 3. Chevron argues that such a delay will prejudice it because it has been and will be difficult to sell or otherwise divest Area 3 during the pendency of this litigation. However, it has been demonstrated that the claims remaining for trial are factually and legally separable from the claims as to which entry of final judgment is sought. Each defendant's liability as to each area of the Site could be separately enforced. Thus, there is no prejudice to Chevron in entering a partial final judgment.

As plaintiff in this action, Niagara Mohawk also bears the burden of presenting evidence supporting an allocation of response costs to each of the defendants. If an immediate appeal is not permitted, Niagara Mohawk faces the possibility of a second, duplicative trial on damages at a significant additional cost. With the exception of Chevron, no other party is confronted with the possibility of having to participate in two damages trials, and because it bears the burden of proof, Niagara Mohawk would bear the substantially greater burden of two such trials.

In sum, a delay in the entry of judgment would impose a substantial hardship on Niagara Mohawk. The defendants will not be prejudiced if an immediate appeal is allowed. Thus, the equities weigh in favor of the entry of final judgment. *See Hunt v. Mobil Oil Corp.,* 550 F.2d 68, 70 (2d Cir.1977) (upholding a grant of Rule 54(b) certification where a reversal of the trial court's decision after trial would require a "duplicative lengthy trial ... creating additional but unnecessary expense to the parties").

### III. *CONCLUSION*

Because each of the rulings as to which Niagara Mohawk, USX, Conrail, APU, Portec, and the King defendants seek entry of final judgment constitutes the ultimate disposition of an individual claim in a multiple claims and multiple party action, final judgment may be entered with re-

spect to these claims. Because judicial administrative interests would be served by the entry of final judgment as to these claims and a delay in the entry of judgment would impose a substantial hardship on Niagara Mohawk and other defendants, there is no just reason for a delay in the entry of final judgment.

Accordingly, it is

ORDERED that the motion to direct the entry of a partial final judgment brought by Niagara Mohawk, USX, Conrail, APU, Portec, and the King Defendants is GRANTED.

The Clerk of the Court is directed to enter final judgment as to (1) the granting of summary judgment in favor of APU, Conrail, Portec, and USX on Niagara Mohawk's CERCLA contribution claims (Count I of the Amended Complaint); (2) the granting of summary judgment in favor of Chevron on Niagara Mohawk's CERCLA contribution claim as to Area 4 (Count I of the Amended Complaint); (3) the dismissal of Niagara Mohawk's New York Navigation Law claims (Counts II and III of the Amended Complaint) as against all defendants; (4) the dismissal of Niagara Mohawk's state contribution, indemnification, and public nuisance claims (Counts IV, V, and VII) as against all defendants; (5) the dismissal of all cross-claims asserted against USX, Conrail, APU, and Portec, (6) the dismissal of all defendants' counterclaims for contribution under CERCLA; (7) the dismissal of the third-party action; and (8) the dismissal of all claims and cross-claims against Chevron relating to Area 4.

IT IS SO ORDERED.