235 F.3d 126 (2nd Cir. 2000)
 CITIZENS ACCORD, INC., Plaintiff-Counterclaim-Defendant-Appellant, v.
THE TOWN OF ROCHESTER, New York; TOWN BOARD of the Town of Rochester; PLANNING BOARD of the Town of Rochester; ROBERT BAKER individually and in his capacity as Supervisor; DOUGLAS DYMOND individually and in his capacity as Code Enforcement Officer; WILLIAM CARROLL individually and in his capacity as Town Board Member; HAROLD LIPTON individually and in his capacity as Town Board Member; RONALD SANTOSKY individually and in his capacity
as Town Board Member; CARL EDWARDS individually and in his capacity as Town Board Member; RICHARD GRAY individually and in his capacity as Town Board Member; LEON SMITH individually and in his capacity as Town Board Member; JAMIE BEARDSLEY individually and in his capacity as Planning Board Member; SHANE RICKS individually and in his capacity as Planning Board Member; WILLIAM DEGRAW individually and in his capacity as Planning Board Member; SUSANNE SAHLER individually and in her capacity as Planning Board Member; BRIAN DRABKIN individually and in his capacity as Planning Board Member; RICHARD BOLTER individually and in his capacity as Planning Board Member; MELVYN TAPPER individually and in his capacity as Planning Board Member, Defendants-Appellees,
TWIN TRACK PROMOTIONS, INC., Defendant-Counterclaimant-Appellee.
 Docket No. 00-7693
August Term, 2000
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Argued: December 7, 2000
Decided: December 18, 2000
 
 Appeal from an order of the United States District Court for the Northern District of New York, Thomas J. McAvoy, Judge, dismissing complaint alleging violations of due process and equal protection.
 Dismissed for lack of appellate jurisdiction.
 GARY T. KELDER, Manlius, New York (Kelder, Kane & Associates, Manlius, New York, on the brief), for Plaintiff-Counterclaim-Defendant-Appellant.
 TERRY RICE, Suffern, New York (Rice & Amon, Suffern, New York, on the brief), for Defendants-Appellees.
 KENNETH J. MCGUIRE JR., Troy, New York, for Defendant-Counterclaimant- Appellee.
 Before: OAKES, KEARSE, and WINTER, Circuit Judges.
 Per Curiam:
 
 
 1
 Plaintiff Citizens Accord, Inc. ("CAI"), has filed a notice of appeal seeking review of an order of the United States District Court for the Northern District of New York, Thomas J. McAvoy, Judge, dismissing its complaint alleging that defendants Twin Track Promotions, Inc. ("Twin Track"), and various municipal entities violated CAI's rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the Constitution in connection with permits allowing Twin Track to operate an auto race track. Twin Tracks having interposed counterclaims that are still pending in the district court, we dismiss the appeal for lack of appellate jurisdiction.
 
 
 2
 Where a challenged decision of the district court does not relate to an injunction, see 28 U.S.C. 1292(a)(1), and is not an interlocutory order as to which the court of appeals has granted leave to appeal, see id. §1292(b), the court of appeals lacks jurisdiction to hear an appeal unless the decision is, or is embodied in, an order or judgment that is "final" within the meaning of 28 U.S.C. §1291 ("The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States ...."). A "final" judgment or order is one that conclusively determines the pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision. See, e.g., Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978). An order that adjudicates fewer than all of the claims remaining in the action, or adjudicates the rights and liabilities of fewer than all of the remaining parties, is not a final order unless the court directs the entry of a final judgment as to the dismissed claims or parties "upon an express determination that there is no just reason for delay." Fed. R. Civ. P. 54(b). A judgment that disposes only of the complaint, while leaving a counterclaim pending, is not a final judgment. See, e.g., Doyle v. Kamenkowitz, 114 F.3d 371, 373 (2d Cir. 1997).
 
 
 3
 In the present case, Twin Track interposed several counterclaims against CAI. Although the district court dismissed CAI's complaint, it did not address the counterclaims, which remain pending. Nor did the court enter an order pursuant to Rule 54(b), certifying its dismissal of the complaint as a final judgment, so as to permit an immediate appeal by CAI. In so noting, we do not mean to suggest that such a certification would have been appropriate in this case. Respect for the "'historic federal policy against piecemeal appeals'" requires that a Rule 54(b) certification not be granted routinely. Curtiss-Wright Corp. v. General Electric Co.,446 U.S. 1, 8 (1980) (quoting Sears, Roebuck & Co v. Mackey, 351 U.S. 427, 438 (1956)). The power "should be used only in the infrequent harsh case," Luckenbach Steamship Co. v. H. Muehlstein & Co., 280 F.2d 755, 758 (2d Cir. 1960) (internal quotation marks omitted), where there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal," Western Geophysical Company of America v. Bolt Associates, Inc., 463 F.2d 101, 103 (2d Cir.) (internal quotation marks omitted), cert. denied, 409 U.S. 1040 (1972). See, e.g., Brunswick Corp. v. Sheridan, 582 F.2d 175, 183 (2d Cir. 1978) (dismissing appeal where stated reasons for certification were inadequate). There having been no Rule 54(b) certification here, the order from which CAI has appealed is not a final judgment.
 
 
 4
 In Hanlin v. Mitchelson, 794 F.2d 834 (2d Cir. 1986), we were presented with an appeal from an order that lacked finality because of the pendency of a counterclaim in the district court, and we allowed the jurisdictional defect to be cured because the defendant counterclaimant had previously advised the plaintiff that the counterclaim would be withdrawn and, after oral argument in this Court, the defendant in fact moved to withdraw the counterclaim. See id. at 837. This course is not feasible in the present case because Twin Track has not advised CAI of any intent to withdraw the counterclaims, and at oral argument of this appeal, Twin Track informed the Court that it intends to pursue its counterclaims if CAI succeeds in having the complaint reinstated. Accordingly, the Hanlin cure is not available.
 
 
 5
 In sum, Twin Track's counterclaims have been neither adjudicated nor withdrawn. There being no final judgment or any other basis for an immediate appeal of the dismissal of the complaint, the appeal is dismissed for lack of appellate jurisdiction.