**Scott P. ALLEN and Jessica Allen, Plaintiffs–Counter–Defendants–Appellants,**

v.

**COUNTRY WIDE HOME LOANS, INC., Defendant–Counter–Claimant,**

**Union Federal Mortgage Corp. and Lawyers Title Insurance Corp., Defendants–Appellees.**

No. 02–9115.

United States Court of Appeals, Second Circuit.

July 25, 2003.

Scott P. Allen, and Jessica Allen, Brentwood, NY, pro se.

David M. Dubin, Twomey, Latham, Shea & Kelley, LLP, Riverhead, NY, for Defendants–Appellees.

Present: CALABRESI, RAGGI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the motion to quash the notice of appeal is **GRANTED** and the appeal is DISMISSED for lack of appellate jurisdiction.

The Allens allege that they fell victim to a "bait and switch" scheme when they applied to refinance their home mortgage. They brought a variety of federal and state-law claims against defendants Union Federal Mortgage Corp. and Lawyers Title Insurance Corp., who in turn asserted counterclaims against the Allens.[1] One of these counterclaims was for the imposition of an equitable mortgage on the Allens' house. The district court (Wexler, *J.*) granted summary judgment in favor of the defendants on that counterclaim, *Allen v. Union Fed. Mortgage Corp.*, 204 F.Supp.2d 543 (E.D.N.Y.2002), and denied the Allens' subsequent motion under Fed. R.Civ.P. 60(b)(3) for relief from that judgment. The Allens appeal both the grant of summary judgment and the denial of the 60(b)(3) motion. The defendants move to quash the notice of appeal on the ground that the orders appealed from are not "final decisions" under 28 U.S.C. § 1291.[2]

■ We grant the defendants' motion. Because the district court has not yet passed on the Allens' numerous claims or on the defendants' remaining counterclaims, the orders at issue are not final decisions. *See Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128 (2d Cir.2000) (per curiam) ("A 'final' judgment or order is one that conclusively determines the pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision. An

---

1. During the course of the litigation below, Lawyers Title replaced one of the originally named defendants, Country Wide Home Loans, Inc.

2. There is a serious question as to whether the Allens' notice of appeal of the summary judgment order was timely under Fed. R.App. P. 4(a). If an order appealed from is not an appealable decision, however, the time to file a timely appeal does not start to run. For that reason, we will assume, *arguendo*, a timely filing and proceed to consider whether this appeal satisfies the jurisdictional requirement of 28 U.S.C. § 1291.

order that adjudicates fewer than all of the claims remaining in the action, or adjudicates the rights and liabilities of fewer than all of the remaining parties, is not a final order ....") (citation omitted). While the Allens say that the district court's decision to impose an equitable mortgage presages what it will do on the other claims, presaging is not the equivalent of judgment.

█ In the alternative, the Allens claim the appeal is proper under the collateral order doctrine, which allows for the immediate appeal of some interlocutory orders. *See Johnson v. Jones,* 515 U.S. 304, 310–11, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995) (stating the rule that an order will be treated as "final" if it 1) conclusively determines the disputed question, 2) resolves an important issue completely separate from the merits of the action, and 3) is effectively unreviewable on appeal from a final judgment). Here, the equitable-mortgage issue is interrelated to the merits of the parties' other claims. And, the Allens, in effect, concede as much when they argue that the district court's decision to impose an equitable mortgage represents a constructive dismissal of their consumer-protection claims. Moreover, in the absence of a judgment of foreclosure that authorizes the immediate sale of the property, the imposition of an equitable mortgage can be reviewed satisfactorily on appeal from a final judgment.[3] *Cf. United States v. Esposito,* 970 F.2d 1156, 1160 (2d Cir. 1992) (holding that the district court's order, which directed the immediate sale of the defendant's home prior to the resolution of the merits of the civil forfeiture action, was immediately appealable).

We have considered all of the Allens' arguments and find them meritless. We therefore GRANT the motion to quash the notice of appeal and DISMISS for want of jurisdiction.

---

3. At oral argument the parties stated that a judgment of foreclosure had issued subsequent to the filing of this appeal. Of course, that order is not before us. We note that both parties acknowledged that that kind of interlocutory order may be immediately appealed.