Helen NELSON, Plaintiff–Appellant,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant–Cross–Defendant–Appellee,

Jostens, Inc., Defendant–Cross–Claimant–Appellee.

No. 06–2411–cv.

United States Court of Appeals, Second Circuit.

April 17, 2007.

Steven W. Wilson, Briggs and Morgan, P.A., Minneapolis, MN, for Defendant–Cross–Claimant–Appellee Jostens, Inc.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. CHESTER J. STRAUB, and Hon. J. CLIFFORD WALLACE,* Circuit Judges.

**SUMMARY ORDER**

Plaintiff–Appellant Helen Nelson appeals from the March 27, 2006 order of the District Court for the Eastern District of New York (David G. Trager, *Judge*), re-

manding her benefits claim to Unum Life Insurance Company of America, and dismissing with prejudice her state law claims against Unum and her employer, Jostens, Inc., on the ground that those claims were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Nelson appeals only from that portion of the order dismissing her state law claims against Jostens. We assume the parties' familiarity with the balance of facts, procedural history, and specification of issues on appeal.

Although we recognize that we are not bound by the motions panel's jurisdictional decision, *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 148–49 (2d Cir.1999), we agree that we have jurisdiction over Nelson's appeal for substantially the reasons set forth in *Nelson v. Unum Life Ins. Co. of Am.*, 468 F.3d 117 (2d Cir.2006) (per curiam).

■ For three reasons, we also agree with the District Court that ERISA preempts Nelson's state law claims against Jostens. First, the summary plan documents establish that Jostens is an ERISA fiduciary, one of the entities that Congress intended to exclusively regulate in its dealings with plan participants such as Nelson. *See* 29 U.S.C. § 1002(21)(A); *Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 64–65 (2d Cir.2006); *Gerosa v. Savasta & Co.*, 329 F.3d 317, 324 (2d Cir.2003) (noting that employers, plan administrators, fiduciaries, and participants are "core" ERISA entities).

Second, Nelson's state law claims against Jostens, read fairly, essentially concern the "improper processing of a

---

* The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Cir-   cuit, sitting by designation.

claim for benefits," *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), and were brought "to rectify a wrongful denial of benefits promised under [an] ERISA-regulated plan[ ]," *Aetna Health Inc. v. Davila*, 542 U.S. 200, 214, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004); *see also id.* at 214–15, 124 S.Ct. 2488 (noting that, in determining whether a claim seeks to remedy a denial of benefits, courts must not "elevate form over substance"). Her claims thus seek to supplement and even supplant ERISA's exclusive remedy for the wrongful denial of benefits. *Id.* at 209, 124 S.Ct. 2488.

Third, there exists no fully independent basis of state law from which these claims might arise. *Aetna Health, Inc.*, 542 U.S. at 212–14, 124 S.Ct. 2488. The plan documents themselves are the only basis of the agency relationship upon which Nelson relies.

■ We also conclude that the District Court's grant of summary judgment was procedurally proper. Nelson knew that Unum's summary judgment motion sought to dismiss her entire complaint, and had a full and fair opportunity to marshal facts and arguments in her favor. *First Fin. Ins. Co. v. Allstate Interior Demolition Corp.*, 193 F.3d 109, 114–15 (2d Cir.1999). Moreover, further discovery would have been useless on the points that Nelson claims were underdeveloped. *Id.* at 115. As to whether the full plan documents give Jostens discretionary authority, rendering it an ERISA fiduciary, the summary documents already in the record sufficiently do so. Moreover, even if the full plan documents established that Jostens was Nelson's agent, it would only further doom Nelson's claims. *Aetna Health, Inc.*, 542 U.S. at 213, 124 S.Ct. 2488 (when the state law upon which plaintiff predicates her claims takes as an "essential part" the "rights and obligations established by [a] benefit plan[ ]," the claim is preempted).

For the reasons set forth above, the judgment of the District Court is AFFIRMED.

Judge WALLACE dissents, as follows:

I would not reach the merits of this appeal but would dismiss for lack of jurisdiction.

We have jurisdiction over appeals from all final decisions of the federal district courts. 28 U.S.C. § 1291. A final decision "is one that conclusively determines the pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128 (2d Cir.2000). This Circuit has held that "[a]n order that adjudicates fewer than all of the claims remaining in the action, or adjudicates the rights and liabilities of fewer than all of the remaining parties, is not a final order unless the court directs the entry of a final judgment as to the dismissed claims or parties 'upon an express determination that there is no just reason for delay.'" *Id.*, *quoting* Fed. R.Civ.P. 54(b). However, "[a] judgment that disposes only of the complaint, while leaving a counterclaim pending, is not a final judgment." *Id.*

The district court neither directed the entry of a final judgment on Jostens' cross-claim nor certified Nelson's state law claims for appeal pursuant to Rule 54(b). No separate judgment was filed as required by Federal Rule of Civil Procedure 58, and the district court did not find that Jostens abandoned its indemnity claim. Because this claim is pending in the district court, the order awarding a summary

judgment against Nelson is non-final, and we therefore lack jurisdiction.

The motions panel held that because "Jostens has shown no interest in, and has no motive for, pursuing its indemnity claim," the motions panel could "state with assurance that no further proceeding will occur in the district court." *Nelson v. Unum,* 468 F.3d 117, 119 (2006). Not so. Jostens has an interest in being indemnified for the costs of filing procedural and substantive motions as well as participating in discovery. We can hardly fault Jostens for not pursuing its indemnity claim during the pendency the district court action, because Jostens *had* no such claim until the award of judgment.

That "[w]e are instructed to give Section 1291 a practical, as opposed to technical, construction," *id.*, *citing Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), does not require a different result. Res judicata or a limitations period potentially will bar Jostens from recovering on its indemnity claim in a subsequent action. And a dismissal would not deprive Nelson of an opportunity for us to review her state law claims. She could seek Rule 54(b) certification of those claims, or the district court could rule on Jostens' cross-claim and properly enter a final judgment.