AMENDED SUMMARY ORDER
Defendants appeal from a March 6, 2008 order, in which the district court granted plaintiffs request to lift the stay of execu *845 tion on the judgment entered on September 6, 2006, see Fed.R.Civ.P. 62(d), and ordered defendants to respond to plaintiffs request for discovery in aid of that judgment, see Fed.R.Civ.P. 69(a)(2). In so ruling, the district court confirmed that the 2006 judgment became final on December 19, 2007 for purposes of 28 U.S.C. § 1291. Defendants now challenge that finality determination and seek a remand with instructions to the district court to enter a final order pursuant to Fed. R.Civ.P. 54(b), thereby allowing defendants to file a timely notice of appeal of the 2006 judgment. We assume the parties’ familiarity with the facts and procedural history, which we reference only as necessary to explain our decision.
On September 6, 2006, the district court entered a memorandum and order dismissing plaintiffs ERISA claims following a bench trial, and awarding plaintiff $25,026.80 on her state-law breach of contract claim, which had been tried separately to a jury. See Kazazian v. Bartlett, No. 03-cv-7699 (S.D.N.Y. Sept. 6, 2006) (docket no. 89). The district court also ordered that “[a]ll other claims are dismissed, and judgment may be entered accordingly. The Clerk of the Court is directed to mark this action closed and all pending motions denied as moot.” Id. That same day, the district court entered a separate judgment in favor of plaintiff in the amount of $25,026.80. Id. (docket no. 88). A writ of execution was entered on the docket on November 29, 2006. Id. (no docket number). The district court corrected the judgment on December 22, 2006. Id. (docket no. 91).
These entries amply demonstrate the “requisite indicia of finality” required by § 1291, i.e., “that there be some manifestation by the district court that it intends the decision to be its final act in the case.” Somoza v. New York City Dep’t of Educ., 538 F.3d 106, 112-13 (2d Cir.2008); see also Henrietta D. v. Giuliani, 246 F.3d 176, 181 (2d Cir.2001) (“The intent of the district court judge is relevant for purposes of § 1291 when the court’s rulings reveal that the action could be final and it therefore matters whether the trial judge contemplated further proceedings.”). The record is clear that, at the time of these 2006 orders, the district court had “conclusively determine[d] the pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision.” Citizens Accord, Inc. v. Town of Rochester, N.Y., 235 F.3d 126, 128 (2d Cir.2000).
Following the district court’s entry of judgment on September 6, 2006, the parties filed motions to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), see Kazazian v. Bartlett, No. 03-cv-7699 (S.D.N.Y.) (docket nos. 93,114, 115), and for relief from judgment pursuant to Rule 60(b), see id. (docket no. 114). Under Federal Rule of Appellate Procedure 4(a)(4), “the time to file an appeal runs for all parties from the entry of the order disposing of the last ... remaining motion” made pursuant to, inter alia, Federal Rules of Civil Procedure 59 and 60. See Fed. R.App. P. 4(a)(4)(A)(iv), (vi). Accordingly, we assume that the time during which defendants were permitted to file an appeal had not begun to run while the parties’ Rule 59 and 60 motions were pending before the district court.[1] The last of *846 the outstanding Rule 59 and 60 motions were denied by the district court in the December 19, 2007 order at issue in this appeal. See Kazazian v. Bartlett, No. 03-cv-7699 (S.D.N.Y. Dec. 19, 2007) (docket no. 137). Like the district court, we conclude that, as of that date, the judgment initially entered on September 6, 2006, became final and appealable for purposes of 28 U.S.C. § 1291.
We have considered all of the defendants’ remaining arguments and conclude that they lack merit. Accordingly the district court’s March 6, 2008 order is hereby AFFIRMED.

. Because no party challenges the timeliness of these Rule 59 and 60 motions, we do not consider that issue, but, rather, limit our discussion to the dispositive issue raised by the defendants and briefed by the parties, i.e., whether, assuming the timeliness of these Rule 59 and 60 motions, the judgment was final and appealable as of the district court’s December 19, 2007 order.