15-626
*NYSA Series Trust, et al. v. Dessein, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand fifteen.

PRESENT:  AMALYA L. KEARSE,
                   CHESTER J. STRAUB,
                   RICHARD C. WESLEY,
                             *Circuit Judges.*

_____

NYSA SERIES TRUST, LEW RUMSMOKE,
LEAH GABELMAN,  TRUSTEE,
GABELMAN TRUST, GERALD E. FUESS,
RICHARD MARTIN, RICHARD B. ABBOTT,
TERI MARTIN,  CHRISTOPHER MORRIS,
JACOB HULLER,  SUSAN SCHWEITZER,
TRUSTEE, SCHWEITZER LIVING TRUST,
EDWIN L. OLMSTEAD, ALTON PROSSER,
MICHAEL CUDDY,  MICHAEL &  ELIZABETH
PFOHL,  ANDREW MERRITT, BRIAN
LETCHER,  WILLIAM PATTERSON,  TRUSTEE,
PATTERSON WAREHOUSE EMPLOYEE AND
PROFIT SHARING PLAN,

*Plaintiffs-Appellants,*

-v.-                                    No. 15-626

PATRICK DESSEIN, BRETT GREENKY,
M.D., SETH GREENKY, M.D.,
GLENN AXELROD, M.D., RICHARD
ESPOSITO, JOHN SACCO, M.D.,

*Defendants-Appellees,*

ESPSCO SYRACUSE, LLC,

*Defendant.*[1]

_____

FOR PLAINTIFFS-APPELLANTS:          JAY SHAPIRO (Patricia C.
                                    Foster, Patricia C. Foster, Esq.
                                    PLLC, Pittsford, NY, *on the
                                    brief*), White and Williams LLP,
                                    New York, NY.


FOR DEFENDANTS-APPELLEES
PATRICK DESSEIN, BRETT GREENKY
M.D., SETH GREENKY, M.D.,
GLENN AXELROD, M.D.,
RICHARD ESPOSITO:                   DANIEL B. BERMAN (Janet
                                    D. Callahan, *on the brief*),
                                    Hancock Estabrook, LLP,
                                    Syracuse, NY.

_____

[1] The Clerk of Court is respectfully directed to amend the official caption to conform to the above.

2

FOR DEFENDANT-APPELLEE
JOHN SACCO, M.D.:

MATTHEW VAN RYN,
Melvin & Melvin, PLLC,
Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the case is REMANDED for further proceedings pursuant to procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir. 1994).

Plaintiffs-Appellants appeal from the dismissal of their claims against Defendants-Appellees under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b); Rule 10b-5, 17 C.F.R. § 240.10b-5; and state law. The action arises out of Plaintiffs-Appellants' purchase of debt securities in a private placement offering (the "Offering") made by Defendant ESPSCO Syracuse, LLC ("ESPSCO") to "accredited investors," as that term is defined in Rule 501(a) of Regulation D under the Securities Act, 17 C.F.R. § 230.501(a). Plaintiffs-Appellants allege that the informational materials included with the Offering (the "Offering Materials") contained material misrepresentations that fraudulently induced them into making this investment. For the reasons that

3

follow, we lack jurisdiction to entertain the appeal in the present circumstances, and we remand for further proceedings.

With exceptions not pertinent here, *see* 28 U.S.C. §§ 1292(a) and (b), this Court has jurisdiction over appeals only from decisions of the United States district courts that are "final." 28 U.S.C. § 1291. A decision is "final" if it "conclusively determines the pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Citizens Accord, Inc. v. Town of Rochester, N.Y.*, 235 F.3d 126, 128 (2d Cir. 2000). "An order that . . . adjudicates the rights and liabilities of fewer than all of the remaining parties[] is not a final order unless the court directs the entry of a final judgment as to the dismissed claims or parties 'upon an express determination that there is no just reason for delay.'" *Id.* (quoting Fed. R. Civ. P. 54(b)).

In the present case, Plaintiffs-Appellants' complaint ("Complaint") asserts claims not only against the individual defendants but also against defendant ESPSCO. The individual defendants moved to dismiss the claims against them, and the District Court granted their motions. There is no indication in the record, however, that such a motion was made by ESPSCO, and although the order of the District Court from which Plaintiffs-Appellants appeal instructed the

4

clerk of court to "close" the case, none of the rulings of the District Court addressed ESPSCO. At oral argument, Plaintiffs-Appellants informed us that ESPSCO has not responded to the Complaint, but that no default has been entered; no further proceedings have been held on their claims against ESPSCO, and the claims against ESPSCO remain pending. We note that the District Court has not entered an order pursuant to Rule 54(b) certifying its dismissal of the complaint against the individual defendants for entry of a partial final judgment so as to permit an immediate appeal of that decision; nor do we mean to suggest that the District Court should do so.

In general, with respect to civil cases there is a "'historic federal policy against piecemeal appeals.'" *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980) ("*Curtiss-Wright*") (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956) ("*Sears Roebuck*")). The exception provided by Rule 54(b) gives the district court authority to enter a final judgment as to fewer than all of the claims by or against a given party, or as to fewer than all of the parties in a multi-party litigation "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). This authority should "be exercised sparingly," *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)

5

("*Harriscom*"), for the "district court must take into account" not only the equities involved but also "judicial administrative interests," *Curtiss-Wright*, 446 U.S. at 8. "[T]he standard against which a district court's exercise of [its] discretion" in this regard "is to be judged is the 'interest of sound judicial administration.'" *Id.* at 10 (quoting *Sears Roebuck*, 351 U.S. at 437).

In the present case, all of the defendants are alleged to have engaged in the challenged conduct, *see, e.g.*, Complaint ¶¶ 83, 93–96, and the Complaint asserts all six of Plaintiffs-Appellants' causes of action against all of the defendants, *see id.* at pages 23–35. If the District Court were to certify the dismissals of the claims against the individual defendants for immediate appeal and were thereafter to proceed to dismiss the Complaint against ESPSCO on the same grounds as it dismissed the claims against the individual defendants, the appeals with regard to this case would require the attention of two panels of this Court.

Ultimately, the decision whether or not to enter a Rule 54(b) certification is "left to the sound judicial discretion of the district court. At the same time, . . . 'any *abuse* of that discretion remains reviewable by the Court of Appeals.'" *Curtiss-Wright*, 446 U.S. at 10 (quoting *Sears Roebuck*, 351 U.S. at 437 (emphasis in *Curtiss-Wright*)). Thus, in order to facilitate meaningful appellate review, a

6

district court's order for entry of a partial final judgment "must be accompanied by a reasoned, even if brief, explanation of its conclusion." *O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 41 (2d Cir. 2003). A statement by a district court only of its conclusion, in the language of the Rule, that "there is no just reason for delay," unaccompanied by any explanation of the assessments that led to that conclusion, would be insufficiently explained. *See, e.g., Harriscom*, 947 F.2d at 630 ("Absent an explanation by the district court, we have no basis for conducting a meaningful review of the district court's exercise of its discretion."); *National Bank of Washington v. Dolgov*, 853 F.2d 57, 58–59 (2d Cir. 1988) (given a certification that only tracked the language of Rule 54(b), without an explanation, dismissing the appeal for lack of appellate jurisdiction); *Arlinghaus v. Ritenour*, 543 F.2d 461, 463–64 (2d Cir. 1976) (same); *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980) (same); *see also id.* (a "unified" appeal "is particularly desirable where . . . the adjudicated and pending claims are closely related and stem from essentially the same factual allegations").

In the present case, rather than immediately dismissing the appeal for lack of a final judgment, as was done in some of the cases discussed above, we remand pursuant to the procedure set out in *United States v. Jacobson*, 15 F.3d 19,

21–22 (2d Cir. 1994), for the District Court either to complete the proceedings against ESPSCO before entry of a final judgment, or to enter an order certifying the dismissals of the claims against the individual defendants for immediate entry of a partial final judgment pursuant to Rule 54(b), supplementing the record with a reasoned, even if brief, explanation of its view as to why an immediate appeal of the dismissals of the claims against those defendants is appropriate.

The mandate shall issue forthwith. On remand, if the District Court enters an order supplementing the record with a Rule 54(b) certification for the entry of a partial final judgment, any party may have the appeal reinstated by filing with the Clerk of this Court, within 30 days, a letter (attaching a copy of the relevant supplemental order) advising the Clerk that the appeal should be reinstated. In that event, no new notice of appeal or additional filing fee will be required. If on remand the District Court instead delays entry of final judgment until Plaintiffs-Appellants' claims against ESPSCO have been adjudicated, any party to the present appeal may have the appeal reinstated either (a) by filing such a letter and attachment with the Clerk of this Court if no rulings other than those specified in the original notice of appeal are to be challenged, or (b) by filing a

notice of cross-appeal or an amended notice of appeal if the aggrieved party seeks to challenge a ruling not listed in the original notice of appeal. A filing fee will be required for any cross-appeal. In the interest of judicial economy, any reinstated appeal will be assigned to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk