15-3007
*Hegna v. Islamic Republic of Iran*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of December, two thousand sixteen.

PRESENT:   JOHN M. WALKER, JR.,
　　　　　　 ROBERT D. SACK,
　　　　　　 DENNY CHIN,
　　　　　　　　　　　　*Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

EDWENA R. HEGNA, Executrix of the Estate of
Charles Hegna, Late of Sterling, Virginia, Individually
and Executrix of the Estate of Paul B. Hegna, STEVEN
A. HEGNA, CRAIG H. HEGNA, LYNN MARIE
HEGNA MOORE,
　　　　　　 *Plaintiffs-Appellants*,

　　　　　　　　　　　　　　　　　　　　　　　　　15-3007-cv

　　　　　　 v.

650 FIFTH AVENUE COMPANY, ALAVI
FOUNDATION,
　　　　　　 *Appellees*,

ASSA,
　　　　　　 *Garnishee-Appellee*,

CARLOS ACOSTA, GREGG SALZMAN, STEVEN M.

GREENBAUM, AVI ELISHIS, ALAN D. HAYMAN, SHIRLEE HAYMAN, MARIA ACOSTA, TOVA ETTINGER, ESTATE OF IRVING FRANKLIN, ESTATE OF IRMA FRANKLIN, BARUCH KAHANE, LIBBY KAHANE, ETHEL J. GRIFFIN, NORMAN KAHANE, CIPPORAH KAPLAN, ANNA BEER, HARRY BEER, ESTELLE CARROLL, PHYLISS MAISEL, JASON KIRSCHENBAUM, ISABELLE KIRSCHENBAUM, JOSHUA KIRSCHENBAUM, DAVID KIRSCHENBAUM, DANIELLE TEITLEBAUM,

*Intervenors*,

ISLAMIC REPUBLIC OF IRAN, THE IRANIAN MINISTRY OF INFORMATION AND SECURITY,

*Defendants*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS: RALPH PAUL DUPONT (Barbara J. Dupont, *on the brief*), The Dupont Law Firm LLP, Stamford, Connecticut.

FOR INTERVENORS: PATRICK N. PETROCELLI (Curtis C. Mechling, James L. Bernard, Nathan H. Stopper, Pamela S. Takefman, *on the brief*), Stroock & Stroock & Lavan LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

---

\* The Clerk of Court is directed to amend the caption to conform to the above.

2

Plaintiffs-appellants Edwena R. Hegna, executrix of the estates of Charles Hegna and Paul B. Hegna, Steven A. Hegna, Craig H. Hegna, and Lynn Marie Hegna Moore (together, the "Hegna Parties") appeal from (1) a December 3, 2013 order denying without prejudice as not yet ripe the Hegna Parties' April 26, 2013 motion for partial summary judgment; (2) an August 21, 2014 order denying the Hegna Parties' request for the district court to issue a scheduling order "allowing [them] to proceed on their pending show cause order"; (3) an October 6, 2014 opinion and order denying the Hegna Parties' motion to extend their purported judgment lien under New York Civil Practice Law and Rules 5203(b); and (4) a March 6, 2015 opinion and order denying the Acosta, Beer, and Kirschenbaum plaintiffs-claimants' motion for partial summary judgment as to the priority of their interests in the *in rem* defendant properties, in which the district court also refused to consider the Hegna Parties' motion for partial summary judgment on the enforcement priority of their interests in the defendant properties in relation to the interests of the other judgment creditor parties.[1] The Hegna Parties also argue on appeal that their claims to the defendant properties have priority over the government's civil forfeiture claims, an issue that the district court has not yet

---

[1] The Hegna Parties' corrected notice of appeal notes that they also appeal from the district court's denial of their motion for summary judgment on their innocent owner defenses and grant of the government's motion to strike or, in the alternative, for summary judgment on those same defenses. The district court entered final judgment pursuant to Federal Rule of Civil Procedure 54(b) as to its ruling on the Hegna Parties' innocent owner defenses on August 11, 2015, at the Hegna Parties' request. That decision is also before this panel, and we heard oral argument on the two actions in tandem given their factual overlap. We dispose of the appeal in the civil forfeiture action in a separate summary order also filed this day. *See In re 650 Fifth Avenue,* 15-2882.

3

considered.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Intervenors Carlos Acosta, Gregg Salzman, Steven M. Greenbaum,  Avi Elishis, Alan D. Hayman, Shirlee Hayman, Maria Acosta, Tova Ettinger, Estate of Irving Franklin, Estate of Irma Franklin, Baruch Kahane, Libby Kahane, Ethel J. Griffin, Norman Kahane, Cipporah Kaplan, Anna Beer, Harry Beer, Estelle Carroll, Phyllis Maisel, Jason Kirschenbaum, Isabelle Kirschenbaum, Joshua Kirschenbaum, David Kirschenbaum, Danielle Teitlebaum (the "Intervenor Judgment Creditors") and the Hegna Parties are victims, the estates of victims, and the family members of victims of terrorist attacks linked to the Islamic Republic of Iran who hold unsatisfied money judgments against Iran.  The orders the Hegna Parties appeal from were entered in their turnover action in the district court, which was initiated by order to show cause, against the Islamic Republic of Iran and the Iranian Ministry of Information and Security.  That action, as well as turnover actions filed by other private judgment creditors of Iran, have been consolidated with the government's civil action seeking forfeiture of the interests of the Alavi Foundation, the 650 Fifth Avenue Company, Assa Corporation, Assa Company Limited, and Bank Melli Iran in several properties including a 36-story office building at 650 Fifth Avenue in Manhattan.[2]

---

[2]    A more comprehensive history of the civil forfeiture action and judgment creditor turnover actions can be found in our opinions in *Kirschenbaum v. 650 Fifth Ave. & Related Props.*, 830 F.3d 107 (2d Cir. 2016), and *In re 650 Fifth Ave. & Related Props.*, 830 F.3d 66 (2d Cir. 2016).

4

In general, we have appellate jurisdiction over only final orders under 28 U.S.C. § 1291 or Rule 54(b) of the Federal Rules of Civil Procedure, orders relating to an injunction or other matters enumerated in 28 U.S.C. § 1292(a), interlocutory orders certified under 28 U.S.C. § 1292(b), and orders falling within the collateral order doctrine. *See Whiting v. Lacara*, 187 F.3d 317, 319 (2d Cir. 1999); 28 U.S.C. §§ 1291, 1292. A final order is an order by the district court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). "An order that . . . adjudicates the rights and liabilities of fewer than all of the remaining parties[ ] is not a final order unless the court directs the entry of a final judgment as to the dismissed claims or parties 'upon an express determination that there is no just reason for delay.'" *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128 (2d Cir. 2000) (quoting Fed. R. Civ. P. 54(b)).

Although the Hegna Parties claim that we have jurisdiction over their appeal from the non-final orders listed above under both Rule 54(b) and 28 U.S.C. § 1292(b), they offer no explanation as to how such jurisdiction is conferred.[3] The Hegna Parties requested and the district court entered a Rule 54(b) judgment only as to

---

[3] The Hegna Parties did not file a reply to the Intervenor Judgment Creditors' opposition brief. Although the Hegna Parties assert in their reply brief in a separate appeal, *In re 650 Fifth Avenue*, 15-2882, that we have appellate jurisdiction over parts of this appeal by virtue of the collateral order doctrine, the Hegna Parties fail to explain whether and how the "stringent" requirements for collateral appeal are met here. *Will v. Hook*, 546 U.S. 345, 349 (2006) (requiring that an order "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment" (internal citations omitted)).

5

its decision regarding the Hegna Parties' innocent owner defenses. Nor did the Hegna Parties seek certification of any of the appealed orders for interlocutory appeal pursuant to section 1292(b). Accordingly, we must dismiss this appeal for lack of jurisdiction.

We have considered all of the Hegna Parties' remaining arguments and find them to be without merit. Accordingly, for the reasons stated above, we **DISMISS** the appeal for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6