17-3633
*Mangouras v. Squire Patton Boggs et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand eighteen.

Present:
> PIERRE N. LEVAL,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

---

APOSTOLOS MANGOURAS,

> *Petitioner-Appellee*,

v.                                                                          17-3633

SQUIRE PATTON BOGGS, BRIAN DOUGLAS STARER, ESQ., C.R. CUSHING & CO. INC., CHARLES R. CUSHING,

> *Respondents-Appellants*,

HOLLAND & KNIGHT LLP,

> *Respondent*.

---

For Respondents-Appellants:              VICTOR GENECIN, ALICE LEONARD DE JUVIGNY, Squire Patton Boggs (US) LLP, New York, NY.

1

For Petitioner-Appellee:                    THOMAS L. TISDALE, TIMOTHY NAST, Tisdale Law Offices, LLC, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED** for further proceedings consistent with this order.

Respondents-Appellants appeal from the District Court's October 30, 2017 order granting Petitioner-Appellee's motion to compel discovery for use in foreign proceedings pursuant to 28 U.S.C. § 1782, arguing that the District Court (1) improperly failed to apply Spanish privilege law to the documents sought by Petitioner-Appellee; (2) incorrectly analyzed the mandatory statutory requirements of § 1782; and (3) abused its discretion by granting the § 1782 application. In response, Petitioner-Appellee has raised the issue whether the District Court's October 30, 2017 order was final. He argues that because the District Court "retained jurisdiction to assist with . . . unresolved U.S. privilege issues," the order was not the final resolution of his application and is thus not appealable. Brief for Petitioner-Appellee 21–24. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

With exceptions not relevant here, *see* 28 U.S.C. §§ 1292(a) and (b), this Court has jurisdiction over appeals only from decisions of the United States district courts that are "final." 28 U.S.C. § 1291. A decision is "final" if it "conclusively determines the pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Citizens Accord, Inc. v. Town of Rochester, N.Y.*, 235 F.3d 126, 128 (2d Cir. 2000). An order "that adjudicates fewer than all the claims . . . does not end the action as to any of the claims," unless the court directs entry of a final judgment as to fewer than all the claims upon an "express[] determin[ation] that there is no just reason for delay." Fed. R. Civ. P. 54(b).

In general, orders granting applications for discovery under § 1782 are "considered final adjudications and are immediately appealable pursuant to 28 U.S.C. § 1291." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 128 (2d Cir. 2017) (citing *Vera v. Republic of Cuba*, 802 F.3d 242, 247 (2d Cir. 2015)). The reason such orders have been considered final adjudications is because issuance of the order "concludes all proceedings before the issuing district court." *Vera*, 802 F.3d at 247. As such, this Court has stated that an order that "constitutes the *final resolution* of a petition to take discovery in aid of a foreign proceeding" is immediately appealable under § 1291. *Chevron Corp. v. Berlinger*, 629 F.3d 297, 306 (2d Cir. 2011) (emphasis added).

We believe Petitioner-Appellee's argument that the October 30, 2017 order was not the "final resolution" of his § 1782 application may have some merit. Indeed, there is no question that the October 30, 2017 order did not conclude all proceedings relating to his application. However, the order did conclude proceedings with respect to the documents that Respondents-Appellants concede are not covered by U.S. privilege law. In order to ensure that this case is properly before us, we conclude that seeking additional information from the District Court is advisable. We thus remand pursuant to the procedure set out in *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir. 1994), for the District Court either to complete the discovery proceedings before entry of a final judgment, or to enter an order certifying the portion of its October 30, 2017 order relating to non-privileged documents as a partial final judgment pursuant to Rule 54(b), supplementing the record with a reasoned, even if brief, explanation of its view as to why an immediate appeal of the order is appropriate.

The mandate shall issue forthwith. On remand, if the District Court enters an order supplementing the record with a Rule 54(b) certification for the entry of a partial final judgment, any party may have the appeal reinstated by filing with the Clerk of this Court, within 30 days, a

letter (attaching a copy of the relevant supplemental order) advising the Clerk that the appeal should be reinstated. In that event, no new notice of appeal or additional filing fee will be required. If on remand the District Court instead delays entry of final judgment until discovery proceedings have been completed, any party to the present appeal may have the appeal reinstated either (1) by filing such a letter and attachment with the Clerk of this Court if no rulings other than those specified in the original notice of appeal are to be challenged, or (2) by filing a notice of cross-appeal or an amended notice of appeal if the aggrieved party seeks to challenge a ruling not listed in the original notice of appeal. A filing fee will be required for any such cross-appeal or amended appeal. In the interest of judicial economy, any reinstated appeal will be assigned to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk