19-1245-cv
Junjiang Ji v. Jling Inc., Jannen of America, Inc., et al

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of April, two thousand twenty.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
             SUSAN L. CARNEY,
                     *Circuit Judges*.

_____

JUNJIANG JI and DECHENG LI, on behalf of
Themselves and others similarly situated,

                     *Plaintiffs-Appellants*,

             v.                                              19-1245-cv

JLING INC. D/B/A SHOWA HIBACHI,
JANNEN OF AMERICA, INC. D/B/A
SHOWA HIBACHI, JOHN ZHANG E HU,
JIA LING HU,[1]

                     *Defendants-Appellees,*

_____

Appearing for Appellant:     Aaron B. Schweitzer, (John Troy, *on the brief*), Troy Law, PLLC, Flushing, N.Y.

Appearing for Appellee:      Shan Zhu, (Jian Hang, *on the brief*), Hang & Associates, PLLC, Flushing, N.Y.

_____

[1] The Clerk of Court is directed to amend the caption as above.

Appeal from the United States District Court for the Eastern District of New York (Locke, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal be and it hereby is **DISMISSED**.

Junjiang Ji appeals from a March 31, 2019 memorandum and order entered in the United States District Court for the Eastern District of New York (Locke, *M.J.*) granting in part and denying in part Defendants-Appellees' motion (1) to dismiss plaintiffs' claims for failure to prosecute under Fed. R. Civ. P. 41(b); (2) in the alternative, to strike Ji's testimony; (3) to enforce the settlement in principle; and (4) to sanction plaintiffs' counsel for failure to comply with the district court's directives. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Generally, we lack jurisdiction to hear an appeal unless the decision appealed is, or is embodied in, an order of judgment that is "final" within the meaning of 28 U.S.C. § 1291. *See Citizens Accord, Inc. v. Town of Rochester, N.Y.*, 235 F.3d 126, 128 (2d Cir. 2000). "A 'final' judgment or order is one that conclusively determines the pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision" *Id.*

Here, there is no final order from which an appeal may be taken. The March 31, 2019 order is neither a final order under 28 U.S.C. § 1291 nor does it fall within one of the interlocutory exceptions provided for in 28 U.S.C. § 1292 or within the collateral order doctrine. Accordingly, we lack appellate jurisdiction.

We have considered the remainder of Plaintiffs-Appellants' arguments and find them to be without merit. Accordingly, the appeal is hereby DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk