*Mason v. AmTrust*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand twenty-one.

PRESENT:   John M. Walker, Jr.,
                     Robert D. Sack,
                     Steven J. Menashi,
                                *Circuit Judges.*

_____

Eugene Mason,

     *Plaintiff-Appellant,*

   v.                                                          No. 20-1256

Amtrust Financial Services, Inc., David Lewis,

     *Defendants-Appellees.*

_____

*For Plaintiff-Appellant*:           Richard S. Meisner, Jardim, Meisner & Susser, P.C., Florham Park, NJ

*For Defendants-Appellees*:       William E. Vita, Westerman, Ball, Ederer, Miller, Zucker & Sharfstein, LLP, Uniondale, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Eugene Mason appeals from the district court's partial dismissal of his amended complaint and from the district court's order denying his motion for a preliminary injunction, both entered on March 23, 2020. We affirm the judgment of the district court denying the preliminary injunction and dismissing Counts I and II of Mason's amended complaint. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal.

## BACKGROUND

### A

Mason was formerly an employee of Defendant-Appellee AmTrust Financial Services, Inc. Before he was employed with AmTrust, Mason collected, compiled, and analyzed data relating to the pricing of professional liability insurance for various classes and sub-lines of professional service firms. He maintained the compiled data in a comprehensive multi-tabbed spreadsheet that incorporates actuarial formulations, algorithms, calculations, and analytical methods to generate data outputs that value professional liability insurance premiums for the different categories of professional service firms (the "Pricing Model").

On September 27, 2013, AmTrust hired Mason as a senior vice president to create and develop a professional liability insurance product line. While interviewing for the position, Mason informed senior executives at AmTrust that he had already built a model for pricing insurance premiums for numerous classes of professionals. According to Mason, he reached a "meeting of the minds" with AmTrust executives that AmTrust could use his Pricing Model on the condition that Mason receive employment at the company. Mason alleges that this

3

understanding was so well-understood that there was "no need for a formal written licensing agreement." J. App'x 72. Mason further alleges that his employment agreement with AmTrust "memorialized" these "terms of Mason's employment with AmTrust." J. App'x 72. Yet there is no mention of the Pricing Model, or any measures to protect any proprietary information contained in the Pricing Model, in that agreement. Immediately after he was hired, Mason sent an email from his personal email account to the personal email account of his new supervisor, Defendant-Appellee David Lewis. Mason attached the Pricing Model and wrote "Dave, Here's my pricing tool." J. App'x 73. In that email, Mason did not indicate that the Pricing Model was confidential or proprietary or that its contents were password protected.

Mason was employed at AmTrust until July 17, 2019. Mason alleges that during this period he took steps to protect his Pricing Model and maintain proprietary ownership over it: he referred to the Pricing Model as his personal and proprietary property, particularly in management meetings; maintained that the Pricing Model should not be stored on AmTrust's central corporate operating system; and insisted that internal AmTrust auditors and external third-party

4

vendors be denied access to the Pricing Model. However, the Pricing Model remained accessible to AmTrust employees internally.

On July 17, 2019, AmTrust terminated Mason's employment. On July 19, 2019, Mason sent AmTrust a cease-and-desist letter demanding that AmTrust stop using the Pricing Model. AmTrust responded to Mason's letter by asserting that AmTrust was not in possession of "any proprietary information or trade secret belonging to Mr. Mason and protected by the Defend Trade Secrets Act." J. App'x 124. AmTrust did not deny that it continued to use the Pricing Model.

**B**

Mason commenced this action against AmTrust and Lewis. He moved for a preliminary injunction enjoining AmTrust from using the Pricing Model based on allegations that AmTrust had misappropriated trade secrets in violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836. On October 18, 2019, Mason filed the operative amended complaint alleging misappropriation of trade secrets under the DTSA as well as state-law claims for misappropriation of trade secrets, unjust enrichment, and breach of implied license against Amtrust and Lewis, and a claim for breach of contract only against AmTrust. He also filed an amended motion for a preliminary injunction related to the alleged misappropriation of

trade secrets under the DTSA. Before this court, he characterizes his motion as predicated on his DTSA claim and his claim under New York common law for misappropriation of trade secrets and confidential information. Appellant's Br. 5.

On November 7, 2019, AmTrust and Lewis moved to dismiss all of the claims except for the claim for breach of contract. The district court stayed briefing on Mason's motion for a preliminary injunction pending resolution of the motion to dismiss.

On March 23, 2020, the district court granted the defendants' partial motion to dismiss, dismissing all claims in the amended complaint except the single, remaining breach-of-contract claim in Count V against AmTrust. Having dismissed the DTSA claim and Mason's state-law trade secrets claim on the merits, the district court issued a separate order that same day denying Mason's motion for a preliminary injunction. Mason timely appealed to this court.

## DISCUSSION

### A

Mason appeals from the denial of his request for a preliminary injunction seeking relief in connection with the amended complaint's claim for misappropriation of trade secrets under the DTSA. "A party seeking a preliminary

6

injunction must demonstrate: (1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (internal quotation marks and alteration omitted). We review a grant or denial of a preliminary injunction for abuse of discretion. *Sunward Electronics, Inc. v. McDonald*, 362 F.3d. 17, 24 (2d. Cir. 2004).

Because the district court dismissed the DTSA claim and Mason's common-law claim for misappropriation of trade secrets for failure to state a claim before issuing the order denying Mason's motion for a preliminary injunction, without any further explanation, we assume that the injunction was denied because it was not likely to succeed on the merits.

To succeed on a claim of misappropriation of trade secrets under the DTSA and New York common law, the owner of the trade secret must take "reasonable measures" to keep the proprietary information secret. *See* 18 U.S.C. § 1839(3); *Defiance Button Mach. Co. v. C & C Metal Prods. Corp.*, 759 F.2d 1053, 1063 (2d Cir.

7

1985). In denying Mason's DTSA claim on the merits, the district court found that Mason did not take such reasonable measures to protect the trade secret. Specifically, the district court concluded that even if Mason had reached an agreement with AmTrust that the use of the Pricing Model was conditioned on his employment at AmTrust, "it was unreasonable for Mason not to have this agreement described with particularity in his Employment Agreement or a stand-alone licensing agreement." J. App'x 153. Second, the district court noted that Mason did not ask AmTrust to sign a nondisclosure agreement to prevent AmTrust from sharing the Pricing Model with both internal auditors and external third parties. Third, the court concluded that Mason was "careless" in emailing the Pricing Model to Lewis, from his personal email account to Lewis's personal email account, without designating its contents confidential or proprietary. J. App'x 153.

While Mason argues that the district court overlooked various measures that he allegedly took to protect the Pricing Model—such as referring to the Pricing Model as his personal and proprietary property, insisting that the Pricing Model be kept off of AmTrust's central operating system and servers, monitoring who used the Pricing Model at AmTrust, and allowing third-parties to view only

8

"snapshots" of the Pricing Model's output—the district court noted that none of these measures would reasonably ensure that the Pricing Model would be protected as a trade secret from AmTrust following, and even during, his employment at the company.

For the purpose of denying a preliminary injunction, the record supports the district court's conclusions that Mason had little control over who used the Pricing Model within AmTrust and that he did not legally protect this property by executing a nondisclosure or licensing agreement or by stipulating in his employment contract that the Pricing Model was his proprietary information. Therefore, the district court did not abuse its discretion in holding that Mason was unlikely to succeed on the merits of this claim because he had not taken reasonable measures to protect his information.

**B**

Mason also appeals the district court's dismissal of Counts I and II of his amended complaint in his opening brief. We have jurisdiction to entertain appeals "from all final decisions of the district courts." 28 U.S.C. § 1291. It is well-settled that "[a]n order that adjudicates fewer than all of the claims remaining in the action, or adjudicates the rights and liabilities of fewer than all of the remaining

9

parties, is not a final order unless the court directs the entry of a final judgment as to the dismissed claims or parties 'upon an express determination that there is no just reason for delay'" pursuant to Rule 54(b) of the Federal Rules of Procedure. *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128 (2d Cir. 2000). The partial dismissal order did not adjudicate all remaining claims in this action. Mason did not seek certification of the partial dismissal pursuant to Rule 54(b) nor is the ruling otherwise appealable as an interlocutory order. *See* 28 U.S.C. §§ 1291, 1292.

Nevertheless, "[t]he doctrine of pendent appellate jurisdiction 'allows us, where we have jurisdiction over an interlocutory appeal of one ruling, to exercise jurisdiction over other, otherwise unappealable interlocutory decisions, where such rulings are inextricably intertwined with the order over which we properly have appellate jurisdiction, or where review of such rulings is necessary to ensure meaningful review of the appealable order.'" *Atlantica Holdings v. Sovereign Wealth Fund Samruk-Kazyna JSC*, 813 F.3d 98, 116-117 (2d Cir. 2016) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 552 (2d Cir. 2010)). "For two rulings to be inextricably intertwined before us, the same specific question will underlie both the appealable order and the non-appealable order, such that our resolution of the question will

10

necessarily resolve the appeals from both orders at once." *Myers*, 624 F.3d at 553 (internal quotation marks and alterations omitted).

Because the district court's denial of Mason's motion for a preliminary injunction was based solely on its resolution of the defendants' motion to dismiss, the dismissal of Counts I and II of Mason's amended complaint presents "the same specific question" at issue in the appealable preliminary injunction order: whether Mason took "reasonable measures" to protect his confidential information. Accordingly, we exercise pendent jurisdiction over the district court's dismissal of Counts I and II and review the district court's dismissal order *de novo*, "accepting all of the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Yamashita v. Scholastic Inc.*, 936 F.3d 98, 103 (2d Cir. 2019).

To prevail on a claim for misappropriation of trade secrets under the DTSA, as alleged in Count I, and a claim for misappropriation of trade secrets and confidential information under New York state law, as alleged in Count II, the claimant must show that he took "reasonable measures to protect" his trade secret or confidential information. *See* 18 U.S.C. § 1839(3); *Defiance Button Mach. Co.*, 759 F.2d at 1063. As explained above, the district court correctly concluded that Mason

11

did not plausibly plead that he took reasonable measures to protect the Pricing Model. As reflected in the amended complaint, Mason had little control over who used the Pricing Model within AmTrust and he did not take measures to protect the Pricing Model either by executing a nondisclosure or licensing agreement or by stipulating in his employment contract that the Pricing Model was his proprietary information. Although Mason emphasizes the handful of unilateral measures he took to protect the Pricing Model, the district court did not err by concluding that none of those measures would reasonably protect the confidentiality of the Pricing Model. Therefore, we affirm the dismissal of Counts I and II of the amended complaint.

*     *     *

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

12